FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 MAY 27 AM 11: 27
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 104-060 |
| | ) | |
| RUSSELL J. ELLICOTT, D.P.M. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Russell J. Ellicott, D.P.M. ("Dr. Ellicott") of health care fraud, making false statements related to health care matters, and mail fraud. The matter is now before the Court on the "Motion to Dismiss Twenty-One Counts of the Indictment Based on Multiplicity."[1] (Doc. no. 28). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

I. **BACKGROUND**

Count One of the Superseding Indictment alleges that Dr. Ellicott participated in a scheme to defraud health care benefit programs administered by the Centers for Medicare and Medicaid Services ("CMS"), Medicare, and Medicaid, and to obtain monies from health care benefit programs administered by these same entities by means of false and fraudulent

---

[1] This motion was filed prior to the Superseding Indictment. However, the addition of the mail fraud counts in the Superseding Indictment does not impact the multiplicity argument raised in this motion related to Count One and Counts Two through Twenty-Two. Therefore, the Court will reference the Superseding Indictment throughout this Report and Recommendation.

pretenses, representations, and promises in connection with the delivery of and payment for health care benefits, items, and services. (Doc. no. 46, p. 4). These charges are brought pursuant to 18 U.S.C. § 1347.[2] Counts Two through Twenty-Two allege that Dr. Ellicott made false, fictitious, and fraudulent statements and representations in documents submitted in connection with the delivery of and payment for health care benefits, items, and services to the CMS, Medicare, and Medicaid. (Doc. no. 46, pp. 5-9). These charges are brought pursuant to 18 U.S.C. § 1035.[3]

---

[2] 18 U.S.C. § 1347 provides:

Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice--
(1) to defraud any health care benefit program; or
(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.

[3] In pertinent part, 18 U.S.C. § 1035 provides:

(a) Whoever, in any matter involving a health care benefit program, knowingly and willfully--
(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or
(2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

## II. DISCUSSION

"An indictment is multiplicitous if it charges a single offense in more than one count." United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995). "In order to avoid multiplicity, only one fact or element need be different between each charge." United States v. Costa, 947 F.2d 919, 926 (11th Cir. 1991) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). As the former Fifth Circuit explained, "To determine whether separate offenses may be carved out of a separate incident, the offenses should be examined to see whether each requires proof of a fact that the other does not." United States v. Chrane, 529 F.2d 1236, 1238 (5th Cir. 1976). The critical inquiry is not whether the same conduct underlies the counts, but rather whether the "offense" - as defined by Congress - charged in one count is the same as that charged in another count. Hudson v. United States, 522 U.S. 93, 107 (1997) (Stevens, J., concurring).

Here, Dr. Ellicott anticipates that the government will contend at trial that the scheme alleged in Count One "is continuing, and that each of the medical records which predates the effective date of the health care fraud statute, or which predates the statute of limitations, reflects an act in furtherance of the scheme, in order for the medical records to be admissible at trial." (Doc. no. 28, p. 2). His argument continues, "Were the Government to urge that Defendant Ellicott is guilty of one scheme to defraud Medicare through false statement claims, then each false claim would be an act in furtherance of the scheme, and not an execution or attempted execution of the scheme alleged under 18 U.S.C. § 1347." (Id.). Therefore, he maintains that alleging twenty-one counts of false statements - which might be presented as being done in furtherance of the scheme alleged in Count One - violates the

principle of multiplicity. The government counters that it must prove separate and distinct elements to prove a "scheme to defraud" in Count One and making "false statements" in a matter involving a health care benefit program as alleged in Counts Two through Twenty-Two. (Doc. no. 39, pp. 4-5). As "there is a fundamental difference between a scheme to defraud and a false statement," United States v. Chacko, 169 F.3d 140, 146 (2d Cir. 1999), the government contends that the separate and distinct elements of proof under §§ 1347 and 1035 debunks Dr. Ellicott's claims of multiplicity.[4]

Dr. Ellicott grounds his motion to dismiss counts based on what he assumes will happen at trial. However, a plain reading of the Superseding Indictment - without conjecturing what might happen at trial - supports the government's contention that it must establish separate elements to meet its burden of proof on Count One and Counts Two through Twenty-Two. At this pre-trial stage, the Court cannot know how the government will choose to present its case such that a pre-emptive action of dismissal of counts is warranted to address Dr. Ellicott's concerns about what the government might do with its evidence. Indeed, such a judicial action "is most appropriate when the mere making of the charges would prejudice the defendant with the jury." United States v. Reed, 639 F.2d 896, 904 n.6 (2d Cir. 1981) (citing 1 C. Wright, Federal Practice and Procedure § 145, at 336 (1969)). However, Dr. Ellicott has not shown that the "mere making of the charges" in Count One in the same indictment containing the allegations in Counts Two through Twenty-Two will prejudice him with the jury. Finally, any concern that a jury "could" convict Dr.

---

[4]Although Chacko dealt with fraud and false statements in relation to financial institutions, the legal principle is analogous to the case at hand.

4

Ellicott based on the same acts can be addressed at trial with proper jury instructions and/or a special verdict form. See, e.g., United States v. Mango, No. 96-CR-327, 1997 WL 222367, at *7 (N.D.N.Y. May 1, 1997).

In sum, having considered the allegations in the Superseding Indictment, and because the Court does not have the benefit at this pre-trial stage of knowing how the evidence will be used or developed at trial, the Court will not recommend dismissal of Counts Two through Twenty-Two. However, the Court emphasizes that recommending denial of the motion to dismiss counts at this pre-trial stage should in no way be construed as suggesting that Dr. Ellicott should be prevented from pursuing any number of remedial actions at trial, some of which are discussed above, to address any multiplicity issues that may arise upon presentation of the evidence.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the "Motion to Dismiss Twenty-One Counts of the Indictment Based on Multiplicity" be **DENIED**. (Doc. no. 28).

SO REPORTED and RECOMMENDED this 27th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA    *

vs.    *    CASE NO. CR104-60

RUSSELL J. ELLICOTT    *

   *

   *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Rpt & Recomm dated 5/27/05 , which is part of the official records of this case.

Date of Mailing: 5/27/05
Date of Certificate: 5/27/05

SCOTT L. POFF, CLERK

By _____

NAME:
1. Russell J. Ellicott
2. Richard E. Allen
3. Eric C. White
4. tickler file
5.
6.
7.

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds